IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:21-CV-231-GCM

| | |
|---|---|
| **CYNTHIA BOLIN PARKER,** )<br>　　　**Plaintiff,** )<br>　　　　　　　　　　　　　　　　)<br>　　　vs. 　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>**KILOLO KIJAKAZI,** 　　　　　　)<br>**Acting Commissioner of Social** 　)<br>**Security,** 　　　　　　　　　　　)<br>　　　**Defendant.** 　　　　　　　　)<br>　　　　　　　　　　　　　　　　) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 9) and Defendant's Motion for Summary Judgment (Doc. No. 11), as well as the Parties' briefs and exhibits.

The Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will <u>deny</u> Plaintiff's Motion for Summary Judgment; <u>grant</u> Defendant's Motion for Summary Judgment; and <u>affirm</u> the Commissioner's decision.

**I. <u>PROCEDURAL HISTORY</u>**

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on August 20, 2021. She assigns error to the Administrative Law Judge's formulation of her Residual Functional Capacity ("RFC").[1] She also contends that the ALJ erred by misstating her diagnosis, and that the ALJ's decision was

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

1

constitutionally defective.

## II. <u>DISCUSSION</u>

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986), *quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456 (4th Cir. 1990); *see also Smith v. Schweiker*, 795 F.2d at 345; *and Blalock v. Richardson*,

2

483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

The question before the ALJ was whether Plaintiff became disabled at any time.[2] The Court has carefully reviewed the record, the authorities and the Parties' arguments. The ALJ applied the correct legal standards and her conclusion that Plaintiff was not disabled is supported by substantial evidence.

Plaintiff also argues that SSA's decision denying her disability benefits claim was constitutionally defective because the Social Security Act provision that limits the President's authority to remove the Presidentially-appointed, Senate-confirmed Commissioner of Social Security without good cause, 42 U.S.C. § 902(a)(3), violates the separation of powers. However, as the Supreme Court recently explained in *Collins v. Yellen*, 141 S. Ct. 1761, 1787-89 (2021), even where an unconstitutional statutory removal restriction exists, a plaintiff seeking relief on that basis must show that the restriction actually caused her harm. Plaintiff herein offers no evidence to demonstrate a nexus between Section 902(a)(3)'s removal restriction and the denial of her benefits claim.

Plaintiff also challenges the ALJ's appointment, arguing that the ratification of her appointment by the then-Acting Commissioner Berryhill was *ultra vires*. Plaintiff contends that

---

[2] Under the Social Security Act, 42 U.S.C. § 301, *et seq*., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
> *Pass v. Chater*, 65 F. 3d 1200, 1203 (4th Cir. 1995).

3

Berryhill's tenure under the Federal Vacancies Reform Act ("FVRA") expired before she ratified the appointment of ALJ Poulos, and therefore Berryhill had no authority to take this action.

The FVRA prescribes time limits for acting service in 5 U.S.C. § 3346. An acting official serving under the FVRA may serve "for no longer than 210 days beginning on the date the vacancy occurs; *or* . . . once a first or second nomination for the office is submitted to the Senate, from the date of such nomination for the period that the nomination is pending in the Senate." 5 U.S.C. § 3346(a)(1)-(2) (emphasis added).

Nancy Berryhill, then the Deputy Commissioner of Operations for SSA, was designated Acting Commissioner on January 21, 2017, and served until November 16, 2017, when the initial 210-day period for acting service expired. On April 17, 2018, President Trump nominated Andrew Saul to be the Commissioner of SSA. Upon submission of the nomination, Ms. Berryhill resumed her service as Acting Commissioner during the nomination's pendency pursuant to 5 U.S.C. § 3346(a)(2), and served until Mr. Saul was sworn in as Commissioner. On July 16, 2018, Acting Commissioner Berryhill ratified the appointments of all SSA ALJs and approved them as her own. As § 3346(a)(2) permits acting service during the pendency of a first or second nomination without regard to when the nomination is submitted, Berryhill's ratification was valid. The Court finds no constitutional defect in the ALJ's decision.

## III. ORDER

**NOW THEREFORE IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment (Doc. No. 9) is **DENIED**; Defendant's Motion for Summary Judgment (Doc. No. 11) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel

4

Case 1:21-cv-00231-GCM   Document 15   Filed 06/15/22   Page 4 of 5

for the parties.

    **SO ORDERED.**

Signed: June 14, 2022

Graham C. Mullen
United States District Judge